<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LANDMARK FABRICS LTD et al., | : | |
| Plaintiffs, | : | Civil Action No. 15-1187 (SRC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| LANMARC INC. et al., | : | |
| Defendants. | : | |

**<u>CHESLER</u>, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint for failure to state a valid claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Lanmarc, Inc., Avinash Krishna, and Leisure Line USA, Inc. (collectively, "Defendants"). For the reasons stated below, the motion to dismiss will be denied.

Defendants move to dismiss for lack of standing, contending that Plaintiff Landmark Fabrics, Ltd. ("Landmark") is a foreign corporation barred from bringing suit in New Jersey by N.J.S.A. § 14A:13-11(1), which states: "No foreign corporation transacting business in this State without a certificate of authority shall maintain any action or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority."

In opposition, Landmark first argues that this argument is inappropriate at the pleading stage. Landmark is incorrect on this point. The Third Circuit has held that a "standing challenge may attack the complaint facially or may attack the factual basis for standing." <u>Askew v. Trs. of the Gen. Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.</u>, 684 F.3d 413, 417 (3d Cir. 2012). Here, Defendants attack the factual basis for standing. "If this is a

factual attack . . . it is permissible for a court to review evidence outside the pleadings." United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). "The District Court [is] permitted to make factual findings, beyond the pleadings, that [are] decisive to determining jurisdiction." CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008). "Plaintiffs, as the parties invoking the federal courts' jurisdiction, bear the burden of establishing their standing." Common Cause v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009).

Thus, under Third Circuit law, Defendants' factual challenge to standing is proper, and Landmark bears the burden of establishing its standing to sue. Landmark next argues that N.J.S.A. § 14A:13-11(1) applies only to intrastate business, and this case involves interstate commerce. On this point, Landmark is correct. In the analogous case of Materials Research Corp. v. Metron, Inc., 64 N.J. 74, 84 (1973), the New Jersey Supreme Court found "an insufficient showing of intrastate commerce to bar plaintiff from maintaining the present action." The Complaint in the instant case alleges only interstate commerce, and thus N.J.S.A. § 14A:13-11(1) does not bar this action. The motion to dismiss will be denied.

For these reasons,

**IT IS** on this 30th day of June, 2015,

**ORDERED** that Defendants' motion to dismiss the Complaint (Docket Entry No. 10) is **DENIED.**

                                            s/ Stanley R. Chesler
                                            Stanley R. Chesler, U.S.D.J.