<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LANDMARK FABRICS LTD et al., | : |
| Plaintiffs, | : Civil Action No. 15-1187 (SRC) |
| v. | : |
|  | : **OPINION & ORDER** |
| LANMARC INC. et al., | : |
| Defendants. | : |

**<u>CHESLER</u>, U.S.D.J.**

This matter comes before the Court on two motions: 1) the motion to dismiss the affirmative defenses and counterclaims, pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6), by Plaintiffs Dipak Bhowmik and Landmark Fabrics Ltd. (collectively, "Plaintiffs"); and 2) Defendants' cross-motion to amend the Answer. For the reasons stated below, the motion to dismiss will be granted in part and denied in part, and the motion to amend will be granted.

Defendants Lanmarc, Inc., Avinash Krishna, and Leisure Line USA, Inc. (collectively, "Defendants") filed an Answer asserting both affirmative defenses and counterclaims. Plaintiffs seek to strike the affirmative defenses, pursuant to Federal Rule of Civil Procedure 12(f), and to dismiss the counterclaims, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 12(f) states: "The court may strike from a pleading an insufficient defense . . ." That Rule does not define "insufficient," nor has the Third Circuit articulated a clear standard for determining when a defense has been insufficiently pled. Plaintiffs suggest that an affirmative defense must be supported by factual allegations, but cite no controlling authority. Plaintiffs concede that the <u>Twombly</u> pleading standard does not apply to the pleading of

affirmative defenses but offer no justification for this Court to require a party to plead facts in support of affirmative defenses.

What the Third Circuit has held in regard to the pleading of affirmative defenses does not support Plaintiffs' position:

> The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.

Robinson v. Johnson, 313 F.3d 128, 134-135 (3d Cir. 2002). Plaintiffs have not even asserted that the affirmative defenses, as pled, could expose them to surprise and prejudice. The affirmative defenses are generally described sufficiently to provide notice to Plaintiffs, and those which are not adequately described do not prejudice Plaintiffs. Plaintiffs have failed to persuade this Court that there is any basis to find that any of the affirmative defenses are manifestly insufficient. The motion to strike the affirmative defenses will be denied.

As to the motion to dismiss the counterclaims, Plaintiffs argue that the Answer fails to plead sufficient facts to make the counterclaims plausible, as required under Iqbal. This is correct. Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The counterclaims relate to a series of financial transactions among the parties, but very few facts are alleged. For example, as Plaintiffs contend, the Answer alleges a number of loans, but pleads no facts about the terms of the loan: there are

only conclusory allegations that money is due.  These factual allegations are not sufficient to make the counterclaims plausible.  As to the counterclaims, the motion to dismiss will be granted, and the counterclaims will be dismissed without prejudice.  The cross-motion to amend the Answer will be granted, and Defendants will be granted leave to amend the Answer to plead additional facts supporting the counterclaims within 30 days of the date of entry of this Order.

For these reasons,

**IT IS** on this 20th day of October, 2015,

**ORDERED** that Plaintiffs' motion to dismiss the affirmative defenses and counterclaims (Docket Entry No. 22) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiffs' motion to dismiss the affirmative defenses is **DENIED**; and it is further

**ORDERED** that Plaintiffs' motion to dismiss the counterclaims is **GRANTED**, and the counterclaims are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Defendants' cross-motion to amend the Answer (Docket Entry No. 29) is **GRANTED**, and Defendants are granted leave to amend the Answer to replead the counterclaims within 30 days of the date of entry of this Order.

                                                              s/ Stanley R. Chesler
                                                           Stanley R. Chesler, U.S.D.J.